UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
M.V.B. COLLISION, INC.,

                                      Plaintiff,                        **REPORT AND**
                                                                                                **RECOMMENDATION**
       -against-                                            23-cv-243 (JMA)(SIL)

ALLSTATE INSURANCE COMPANY,

                                      Defendant.
-----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this removed diversity-statutory deceptive practices action, on referral from the Honorable Joan M. Azrack for Report and Recommendation, is Defendant Allstate Insurance's Company's ("Allstate" or "Defendant") motion to dismiss Plaintiff M.V.B. Collision, Inc.'s, doing business as Mid Island Collision's, ("Plaintiff" or "Mid Island") Complaint ("Complaint" or "Compl."), Docket Entry ("DE") [1-1], for lack of Article III standing pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See* Notice of Motion to Dismiss ("Defendant's Motion" or "Def. Mot."), DE [13]; Defendant's Memorandum of Law in Support of Its Motion to Dismiss ("Defendant's Memorandum" or "Def. Mem."), DE [13-1]. By way of its Complaint dated November 29, 2022, Mid Island commenced this action alleging: (i) violation of the New York Insurance Law ("N.Y. Ins. Law") § 2610 and related regulations, and (ii) violation of New York General Business Law ("N.Y. G.B.L.") § 349. Defendant filed its motion to dismiss on June 26, 2023. *See* Def. Mot. Plaintiff opposes. *See* Plaintiff's Response ("Pl. Resp."), DE [13-8]. For the reasons

1

set forth herein, the Court respectfully recommends that this case be remanded to state court in its entirety.

## I. BACKGROUND

### A. Relevant Facts

The facts set forth herein are taken from the Complaint and are accepted as true for purposes of this Report and Recommendation. Mid Island is an automotive and body repair shop located in Nassau County, New York. Compl., ¶ 1. Allstate is an insurance company licensed in New York that underwrites automobile insurance policies. *Id.*, ¶ 4. Defendant uses a procedure ("photo-estimation" or "QuickFoto") that allows claimants who have been in an accident to submit photographs of the damage to their cars and receive a payment without taking their vehicles to a repair shop. *Id.*, ¶ 16. According to Plaintiff, photo-estimation induces claimants to accept a payment that is lower than the amount of money required to return their vehicles to pre-accident conditions. *Id.*, ¶¶ 17-20. Mid Island claims that Allstate employs this practice to "save a significant amount of money paid on claims." *Id.*, ¶ 43. Plaintiff asserts that QuickFoto deceives claimants to think that photo-estimation is an accurate way to assess damage and that their post-collision vehicles are safe to drive when they are not. *Id.* ¶¶ 18-19, 27, 30. As a result, Mid Island claims it is deprived of "the opportunity to repair certain vehicles" belonging to accident claimants who choose not to visit a repair shop, relying instead on photo-estimation. *Id.*, ¶ 27. Mid Island alleges that Allstate's use of QuickFoto violates N.Y. Ins. Law § 2610; 11 New York Codes, Rules and Regulations ("N.Y.C.C.R") §§ 216.7(b) and 216.12; and N.Y. G.B.L. § 349. *Id.*, ¶¶ 52, 53, 58, 60, 61, 63, 68.

## B. Procedural History

On February 26, 2021, Mid Island commenced an action against Allstate in the Eastern District of New York. *See* Complaint, DE [1], *M.V.B. Collision Inc. v. Allstate Insurance Co.*, 21-CV-1048 (Feb. 26, 2021). That complaint asserted two causes of action: first, that Defendant misled claimants who used photo-estimation; and second, that Allstate did not negotiate the adjustment of automotive repair claims in good faith. *See id.* at ¶¶ 36-71. Plaintiff voluntarily dismissed its second cause of action with prejudice on July 14, 2021. *See* Notice of Voluntary Dismissal, 21-CV-1048, DE [14] ("Voluntary Dismissal with Prejudice"). The court entered dismissal with prejudice pursuant to this notice on July 16, 2021. *See* Order dated July 16, 2021 ("Order re Voluntary Dismissal with Prejudice"), 21-CV-1048. On March 24, 2022, the court dismissed the remaining cause of action for lack of subject matter jurisdiction. *See* Order, 21-CV-1048, DE [22].

On November 29, 2022, Mid Island filed a substantially identical complaint in the New York Supreme Court, County of Nassau, which Defendant removed to this Court on January 13, 2023, on the basis of diversity jurisdiction. *See* Notice of Removal, DE [1]. It is this Complaint, which is presently before the Court, that Allstate now moves to dismiss. *See* Def. Mot., dated June 26, 2023. Judge Azrack referred Defendant's Motion to this Court for Report and Recommendation on October 18, 2023. *See* Order dated Oct. 18, 2023. For the reasons set forth below, the Court respectfully recommends remand of this case in its entirety to state court, rather than outright dismissal.

## II. LEGAL STANDARD

### A. Standing Under Article III of the Constitution

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing. Under Article III of the United States Constitution, a federal court's jurisdiction is limited to "cases" and "controversies." U.S. Const. Art. III, § 2. "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. ___, 141 S. Ct. 2190, 2203 (2021) (citation omitted). If a plaintiff in federal court lacks Article III standing, that court lacks federal subject matter jurisdiction. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care*, L.L.C., 433 F.3d 181, 198 (2d Cir. 2005).

"Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247, 130 S. Ct. 2869 (2010) (citation omitted). To maintain Article III standing, a plaintiff must allege facts sufficient to establish: "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC*, 594 U.S. at ___, 141 S. Ct. at 2203; *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136-37 (1992). Such an injury "has to be fairly traceable to the challenged action of the defendant." *Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136. Where an injury is indirect, it is "substantially more difficult"

for a plaintiff to establish this traceability requirement. *Id.*, 504 U.S. at 562, 112 S. Ct. at 2137. If harm to a plaintiff "depends on the unfettered choices made by independent actors not before the courts," that plaintiff bears the burden "to adduce facts showing that those choices have been or will be made in such manner as to produce causation." *Id.* (citation omitted). Specifically, the plaintiff must allege that the defendant's actions had a "determinative or coercive effect" on the actions of the third party or parties that caused injury to the plaintiff. *Carver v. City of New York*, 621 F.3d 221, 226 (2d Cir. 2010) (citing *Bennett v. Spear*, 520 U.S. 154, 169, 117 S.Ct. 1154, 1164 (1997)). Further, where an injury is indirect, a plaintiff seeking to establish traceability must "allege facts 'showing that third parties will likely react in predictable ways'…and that their predictable reaction will cause the injuries" that form the basis of that plaintiff's Article III standing. *Nat. Res. Def. Council, Inc. v. U.S. Dep't of the Interior*, 397 F. Supp. 3d 430, 440 (S.D.N.Y. 2019) (citing *Dep't of Com. v. New York*, 588 U.S. ___, 139 S. Ct. 2551, 2566 (2019)).

### B. State Court Remand

"A federal court generally may not rule on the merits of a case without first determining that it has…subject-matter jurisdiction." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31, 127 S. Ct. 1184, 1190-92 (2007) (citation omitted). If a case has been removed, however, a federal court that concludes it lacks jurisdiction may not simply dismiss the case. "When a case has been removed from state court to federal court, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded'" to state

5

court. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (citing 28 U.S.C. § 1447(c)); *see Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 272 (E.D.N.Y. 2022); *Miller v. Syracuse Univ.*, No. 521CV1073 (LEK) (TWD), 2022 WL 7505177, at *2 (N.D.N.Y. Oct. 13, 2022). A defendant "may not defeat [a] claim by removing it to federal court and then obtaining its dismissal on the grounds of the federal court's lack of jurisdiction." *Vossbrinck*, 773 F.3d at 427.

### III. DISCUSSION

#### A. This Court Lacks Subject Matter Jurisdiction.

Allstate asserts that Mid Island does not have Article III standing to bring its claims in this case because it does not adequately plead that its injury is traceable to Defendant. *See* Def. Mem. at 5-6. The Court agrees. The only injury Plaintiff alleges *it*, not accident claimants, suffered is loss of the opportunity to repair vehicles belonging to those claimants who used Allstate's photo-estimation program and chose not to have their vehicles repaired. *See* Compl., ¶¶ 16, 27, 50. Mid Island fails to establish that this alleged injury is sufficiently traceable to Allstate's conduct. *See Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136. Rather, there is an intermediate third-party actor, namely, a driver-insured, who may choose to have the car at issue repaired by Mid Island, choose another garage or refuse repairs altogether.

More specifically, Mid Island alleges that Allstate deceives accident claimants into believing that a QuickFoto estimate is an accurate assessment of damage. *See* Compl., ¶¶ 18, 37. But, as another court in this District recently concluded in a nearly identical case brought by Mid Island against another insurer, Plaintiff does not affirmatively claim that Allstate's actions had a "determinative or coercive effect" on

6

drivers who use photo-estimation. *Carver*, 621 F.3d at 226; *see M.V.B. Collision Inc. d/b/a Mid Island Collision v. Progressive Insurance Co.*, No. 2:23-CV-00221 (OEM) (ST), 2023 WL 8113923, at *5 (E.D.N.Y. Nov. 22, 2023). The Complaint contains no allegations that accident claimants are coerced into foregoing repairs, that such a choice is the inevitable result of using QuickFoto, or that if the repairs were undertaken, the claimants would have used Mid Island. Moreover, Plaintiff provides numerous examples of drivers-insured who received QuickFoto estimates *and then sought repairs from Mid Island. See* Compl., ¶ 33. These individuals are counterexamples to Plaintiff's argument because they apparently were not subject to any "determinative or coercive effect" of photo-estimation. Further, "Plaintiff['s] burden is to allege facts 'showing that third parties will likely react in predictable ways'" that cause injury to Mid Island. *Nat. Res. Def. Council, Inc.*, 397 F. Supp. 3d at 440 (citing *Dep't of Com. v. New York*, 588 U.S. ___, 139 S. Ct. 2551, 2566 (2019)). The drivers-insured Plaintiff lists, who sought repairs from Mid Island, demonstrate that claimants who use QuickFoto will *not* predictably forego repairs. Because Plaintiff cannot demonstrate traceability, it cannot establish Article III standing. *See Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136. Accordingly, this Court lacks subject matter jurisdiction over this case. *See Cent. States Se. & Sw. Areas Health & Welfare Fund*, 433 F.3d at 198.

When a federal court finds that it lacks jurisdiction over a case that was removed from state court, that case must be remanded, rather than dismissed. *See Vossbrinck*, 773 F.3d at 427; *Gross*, 607 F. Supp. 3d at 272. This case was removed

7

from state court by Defendant on the basis that this Court had diversity jurisdiction. *See* Notice of Removal, ¶¶ 6-12, 14.  Allstate now successfully argues the opposite.  A defendant, however, "may not defeat [a] claim by removing it to federal court and then obtaining its dismissal on the grounds of the federal court's lack of jurisdiction." *Vossbrinck*, 773 F.3d at 427.  For this reason, the Court recommends that this action be remanded in its entirety to state court for further proceedings.[1]

### B. This Court Need Not Consider Defendant's Other Arguments for Dismissal.

Allstate makes several other arguments asserting Mid Island's purported failure to state a claim.  The Court does not consider these arguments.  When a party who has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "also seeks dismissal on Rule 12(b)(6) grounds, the court must consider the Rule 12(b)(1) motion first…because disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction."  *Ravelombonjy v. Zinsou-Fatimabay*, 632 F. Supp. 3d 239, 249 (S.D.N.Y. 2022) (citation omitted).  Because this Court lacks subject matter jurisdiction over this case, it will not consider Defendant's substantive Rule 12(b)(6) arguments.

---

[1] The Court acknowledges that in *M.V.B. Collision Inc. d/b/a Mid Island Collision*, 2023 WL 8113923, the Honorable Orelia E. Merchant held that portions of Mid Island's claims were barred by *res judicata* before remanding the remaining claims to state court. *See* 2023 WL 8113923, at *2-3.  This Court agrees with the holding in that opinion, but nevertheless exercises its discretion to recommend remand of the entire action to state court without addressing Allstate's *res judicata* arguments.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, 127 S. Ct. 1184, 1191 (2007) ("[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits'") (citation omitted).

8

### IV. CONCLUSION

For the reasons stated above, the Court respectfully recommends that this case be remanded to state court.

### V. OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, 2008 WL 4951035, at \*2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
December 11, 2023

<u>s/ Steven I. Locke</u>
STEVEN I. LOCKE
United States Magistrate Judge