Case 2:23-cv-00243-JMA-SIL   Document 22   Filed 01/19/24   Page 1 of 3 PageID #: 220

FILED
CLERK
12:22 pm, Jan 19, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────X
For Online Publication Only

M.V.B. COLLISION, INC.,

          Plaintiff,

  -against-                                    **ORDER**
                                                23-cv-243 (JMA) (SIL)

ALLSTATE INSURANCE COMPANY,

          Defendant.
─────────────────────────────────────────X

**AZRACK, United States District Judge:**

On February 26, 2021, Plaintiff M.V.B. Collision, Inc. ("Mid Island") brought a photo estimating action against Defendant Allstate Insurance Company ("Allstate") in this district. See M.V.B. Collision Inc. d/b/a Mid Island Collision v. Allstate Ins. Co., No. 2:21-cv-1048 (E.D.N.Y. Feb. 26, 2021) ("Mid Island I"). Mid Island's Complaint alleged causes of action under Section 349 of New York's General Business Law ("Section 349") and under Section 2610 of New York's Insurance Law and related regulations, including 11 NYCRR 216.7 and 11 NYCRR 216.12. (See Compl., ECF No. 1.) Before Allstate responded to the Complaint, Mid Island voluntarily dismissed its New York Insurance Law claims with prejudice. (See ECF No. 14 (July 14, 2021.)) Thereafter, Allstate moved to dismiss Mid Island's remaining Section 349 claim. (See ECF No. 18.) On March 24, 2022, Judge Hurley dismissed the case on jurisdictional grounds because Mid Island's allegations were insufficient to support diversity jurisdiction. (See ECF No. 22.) Mid Island did not move for reconsideration or appeal that decision.

Mid Island commenced the present—but identical—photo estimating action against Allstate on December 5, 2022, in Nassau County Supreme Court, based on the same allegations and causes of action as in Mid Island I. Allstate removed the case to federal court on January 13,

1

2023, based on this Court's diversity jurisdiction. (See M.V.B. Collision Inc. v. Allstate Ins. Co., No. 2:23-cv-00243 (E.D.N.Y. Jan. 13, 2023); see also Compl., ECF No. 1.) On June 26, 2023, Allstate filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of jurisdiction (i.e., Article III standing) pursuant to Federal Rule of Civil Procedure 12(b)(1). (See Def. Mot., ECF No. 13.) Mid Island opposed the motion. (See Pl. Resp., ECF No. 13-8.) On October 18, 2023, I referred Allstate's motion to Magistrate Judge Steven I. Locke for a Report and Recommendation ("R&R"). (See 10/18/2023 Order.)

On December 11, 2023, Judge Locke issued an R&R recommending that this case be remanded to state court in its entirety. (See ECF No. 18.) Specifically, Judge Locke concluded that Mid Island lacks Article III standing and that remanding the case to state court—rather than dismissing it—was the proper course of action. (See id. at 6–9.) Mid Island filed a timely objection to Judge Locke's R&R on December 29, 2023. (See Pl. Obj., ECF No. 18.) Allstate filed a timely response to Mid Island's objection on January 12, 2024. (See Def. Resp., ECF No. 21.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3). In reviewing a magistrate judge's R&R, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also FED. R. CIV. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); Arista Recs., LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge de novo."); Lorick v. Kilpatrick Townsend & Stockton LLP,

2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022).  To accept those portions of an R&R "to which no timely objection has been made," however, "a district court need only satisfy itself that there is no clear error on the face of the record."  Lorick, 2022 WL 1104849, at *2 (quoting Ruiz v. Citibank, N.A., 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)).

The Court considers Mid Island's objections de novo.  Having conducted a review of the full record and the applicable law, I adopt Judge Locke's nine-page R&R in its entirety as the opinion of the Court.  Accordingly, this case is remanded to state court in its entirety.

**SO ORDERED.**

Dated: January 19, 2024
Central Islip, New York

                                           /s/  JMA
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE